DAVIDOFF HUTCHER & CITRON, LLP
*Proposed Attorneys for the Debtors*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

| In re: | Chapter 11 |
| --- | --- |
| | Case Nos. |
| CONTEMPORARY MANAGEMENT SERVICES, LLC, | 23-22459 (SHL) |
| REFINED DENTAL LABORATORY LLC, | 23-22460 |
| DALE D. GOLDSCHLAG, D.D.S., P.C., | 23-22461 |
| TOTAL DENTAL IMPLANT SOLUTIONS LLC, and | 23-22462 |
| CDIC HOLDINGS LLC, | 23-22464 |

                                            Debtors.
---------------------------------------------------------------------X

## MOTION OF THE DEBTORS PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE CHAPTER 11 CASES FOR <u>PROCEDURAL PURPOSES ONLY</u>

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"), by their proposed attorneys, Davidoff Hutcher & Citron LLP, file this motion (the "Motion") for an entry of an order directing the joint administration of the above captioned Chapter 11 cases, respectfully state and represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On June 15, 2023, the date hereof, each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. Debtor, Contemporary Management Services ("CMS"), is a management company that provides management services to certain of the other Debtors, including Dale D. Goldschlag D.D.S. P.C. ("DDG PC") and various non-debtor entities, including non-debtor affiliate Manhattan Dental Implant Solutions P.C. ("MDIS PC"). CMS manages the back-office, non-doctor staff, call centers, equipment and other supplies, scheduling of patients, marketing and all of the non-clinical work of the dental practices. CMS maintains bank accounts in which it collects fees for managing DDG PC and other non-debtor entities like MDIC PC.

5. DDG PC which operates under the trade name Contemporary Dental Implant Centre®, is a professional corporation through which a New York based dental practice is operated. MDIS PC is a non-debtor affiliate which operates under the trade names Elite Dental Implants® as well as Contemporary Dental Implant Centre®, is likewise a professional corporation through which a New York based dental practice is operated.

6. Refined Dental Laboratory LLC ("Refined Dental") fabricated the crowns used by

the professional corporations when servicing patients. It owns certain inventory and finances certain equipment all presently housed at the laboratory facility in Valley Stream, NY.

7. Total Dental Implant Solutions LLC ("Total Dental"), which did business as Genicore®, is a medical device company specializing in dental implants. It has historically sold CT scans and dental implants. I own 60% of Total Dental, with the remaining 40% owned by two individuals. My nephew Ariel Goldschlag owns 20% and Aurel Romanovic owns 20%.

8. CDIC Holdings, LLC ("CDIC") is a real estate entity and exists as the counterparty to a majority of the leases from which each dental office operates. It also owns much of the assets and value associated with the buildouts for such leased locations.

9. Overall, the Debtors do not make clinical decisions for patient care, but rather work with independent contractor dentists who operate under their own professional organizations. Typical dental implant cases for these dentists have a duration of 3 to 5 months. Those dentists have a legal obligation to complete their work in progress. Patients typically pay a bundle fee up front for the contemplated care at the outset of their arrangement with the medical providers.

10. The Debtors' chapter 11 filings were precipitated by the COVID-19 crisis, forcing a complete cessation of their operations for a substantial amount of time, then further exacerbated by several agreements with merchant cash advance lenders.

11. The Debtors, although they maintain separate books and records, are operated and managed on a consolidated basis.

12. The Debtors intend to utilize the Chapter 11 process to restructure their debt, and resolve their various creditors' claims so that a Plan of Reorganization can be filed within a reasonable amount of time. The Debtors are confident that proceeding in Chapter 11 is in the best interest of the Debtors, their estates, and the creditors as a whole.

**RELIEF REQUESTED**

13. In order to provide for the most efficient administration of the Chapter 11 cases, as well as to carry out and properly administer the Debtors' bankruptcy proceedings, by this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 1015(b) authorizing the joint administration, for procedural purposes only, under the case number assigned to Contemporary Management Services, LLC.

**JOINT ADMINISTRATION OF THESE CASES IS WARRANTED**

14. Bankruptcy Rule 1015(b) provides, "[i]f… two or more petitions are pending in the same court by or against …a debtor and an affiliate, the court may order a joint administration of the estates." See Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

15. For the reasons set forth above, many of the motions, hearings and orders that will arise in the Chapter 11 cases will jointly affect the Debtors. By jointly administering the Chapter 11 cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

16. The Debtors will continue to operate as separate and distinct legal entities and shall continue to maintain separate books and records as set forth above, consistent with their pre-petition practices.

17. Entry of an order directing the joint administration of the Chapter 11 cases will avoid duplicative notices, applications, and orders, thereby saving the Debtors considerable time and expense. The rights of the creditors will not be adversely affected as this Motion requests only

administrative, and not substantive, consolidation of the Debtors' estates. The rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of the Chapter 11 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York will be simplified.

18. Accordingly, the Debtors request that the caption of the Chapter 11 cases be modified to reflect the joint administration of such cases, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
In re:

| | |
|---|---|
| CONTEMPORARY MANAGEMENT SERVICES LLC, ET Al.,[1] | Lead Case No. 23-22459 (SHL) (Jointly Administered) |
| Debtors. | |

----------------------------------------------------------------------X

19. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of these cases:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases commenced by Contemporary Management Services, LLC, et al. The docket in Case No. 23-22459 (SHL) should be consulted for all matters affecting the above listed cases."

---

[1] Jointly administered with Dale D. Goldschlag D.D.S. P.C., d/b/a Contemporary Dental Implant Centre® (**-***6832), CDIC Holdings, LLC (**-***8684), Refined Dental Laboratory, LLC (**-***7644), and Total Dental Implant Solutions, LLC (**-***8229)

5

**NOTICE**

20. Notice of this Application has been provided to (i) Office of the United States Trustee; (ii) the Debtors' thirty (30) largest unsecured creditors; and (iii) parties who have filed notices of appearance. The Debtors submit that said notice is adequate and proper.

**CONCLUSION**

21. No previous application for the relief herein requested has been made to this or any other Court.

22. For all of the foregoing reasons, the Debtors respectfully request entry of an order, substantially in the form annexed hereto **as Exhibit "A".**

**WHEREFORE,** the Debtors respectfully request the Court to enter an order substantially in the form annexed hereto as Exhibit A directing the joint administration of the Chapter 11 cases under the case number assigned to Contemporary Management Services, LLC and granting such other and further relief as may be just and proper.

Dated: White Plains, New York
June 15, 2023

> DAVIDOFF HUTCHER & CITRON LLP
> *Proposed Attorneys for the Debtors*
> 120 Bloomingdale Road, Suite 100
> White Plains, New York 10605
> (914) 381-7400
>
> By: */s/ Jonathan S..Pasternak*
>   Jonathan S. Pasternak